T.C. Memo. 2002-18

UNITED STATES TAX COURT

MARK CHRISTOPHER AND NANCY LOUISE CORCORAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2947-01.               Filed January 18, 2002.

Mark Christopher Corcoran, pro se.

<u>Timothy F. Salel</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $4,155 in petitioners' 1998 Federal income tax.  In
the answer to the petition respondent asserted an accuracy-
related penalty of $831 pursuant to section 6662(a).  At trial
respondent filed a written motion for a penalty under section

6673(a)(1).  All section references are to the Internal Revenue Code in effect for 1998.

The issues for decision are:  (1) Whether petitioners' compensation for services, unemployment compensation, and interest received during 1998 constitute gross income; (2) whether petitioners are liable for an accuracy-related penalty under section 6662(a); and (3) whether imposition of a penalty under section 6673(a) is appropriate under the circumstances of this case.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  Petitioners resided in Fallbrook, California, when they filed their petition.

Petitioners are well-educated people.  Both graduated from California State University at Long Beach.  Mark Corcoran (petitioner) received a bachelor's degree in business administration with an emphasis in accounting.  Petitioner Nancy Corcoran (Mrs. Corcoran) holds a master's degree in education. Petitioner is an accountant for Global Outdoors, Inc.  Mrs. Corcoran teaches in the San Diego Catholic school system.

During 1998, petitioner received compensation for services of $13,269 and $5,773 from All American Homes and Empire Marine, Inc., respectively.  Petitioner also received unemployment compensation of $168 from the California Employment Development

Department. Mrs. Corcoran received $25,761 from the Roman Catholic Bishop of San Diego with respect to her teaching job. Petitioners also received interest on their bank account balances. In total, petitioners received compensation for services of $44,803, unemployment compensation of $168, and interest of $426. Petitioners jointly filed a 1998 Federal income tax return. They filled in lines 7 through 56 of their Form 1040, U.S. Individual Income Tax Return, with a zero on each line and claimed a refund of $937.90. Petitioners attached to their tax return a Form W-2, Wage and Tax Statement, reporting wages of $25,761 from Mrs. Corcoran's employer. Respondent treated the $25,761 as if it were properly reported on the tax return.

Petitioners stipulated that they received all the amounts that their employers reported to the Internal Revenue Service on Forms W-2, as wages or compensation paid to them. However, petitioners refused to stipulate that such amounts constitute wages. Petitioners also stipulated that they received all of the unemployment compensation and interest that respondent determined were income. Petitioners do not challenge the facts on which respondent's determinations are based or respondent's calculation of tax. Rather, petitioners, by selectively analyzing statutes, regulations, and judicial authorities out of context, have reached the conclusion that their compensation for services,

unemployment compensation, and interest do not constitute gross income.

Petitioners argue: (1) There is no law making petitioners liable for a personal income tax; (2) petitioners have no gross income pursuant to section 861 et seq. concerning gross income from sources within the United States and without the United States; and (3) the notice of deficiency with respect to petitioners' 1998 return is invalid because petitioners allegedly were denied an administrative hearing and because respondent failed to carry the burden of proof at the administrative level.

At the outset we note that petitioners' arguments are without factual or legal foundation. Their contentions are reminiscent of standard tax protester rhetoric. They have presented as exhibits copies of materials apparently prepared and distributed by an organization opposed to compliance with the income tax laws. While petitioners' arguments certainly do not require refutation "with somber reasoning and copious citation of precedent", Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), we shall, nevertheless, briefly discuss some of the issues raised.

Section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States. Sec. 1.1-1(a)(1), Income Tax Regs. Section 61(a) provides that except as otherwise provided in subtitle A (income taxes) gross

income  includes "all income from whatever source derived," including compensation for services and interest.  Secs. 61(a)(1), (4).  Section 85(a) provides that an individual's gross income includes unemployment compensation.

Ignoring these statutory provisions, petitioners argue that their compensation for services, unemployment compensation, and interest do not constitute gross income because these items of income are not listed in section 1.861-8(f), Income Tax Regs. Their argument is misplaced and takes section 1.861-8(f), Income Tax Regs., out of context.  The rules of sections 861-865 have significance in determining whether income is considered from sources within or without the United States.  The source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States.  See, e.g., Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (rejecting claim that income is not subject to tax because it is not from any of the sources listed in sec. 1.861-8(a), Income Tax Regs.); Aiello v. Commissioner, T.C. Memo. 1995-40 (rejecting claim that the only sources of income for purposes of sec. 61 are listed in sec. 861); Great-West Life Assur. Co. v. United States, 230 Ct. Cl. 477, 678 F.2d 180, 183 (1982) ("The determination of where income is derived or 'sourced' is generally of no moment to either United States citizens or United States corporations, for

such persons are subject to tax under section 1 and section 11, respectively, on their worldwide income.").

Petitioners' procedural arguments likewise are without merit. Petitioners argue that the notice of deficiency is invalid because they allegedly were denied an administrative hearing, and because respondent failed to carry the burden of proof at the administrative level.

The record is unclear as to whether petitioners were provided the opportunity for an administrative hearing. Regardless, it is readily apparent that an administrative hearing in this case would have been futile. Petitioners never disputed the amounts omitted from their tax return. Their positions were certainly not going to be accepted by the Internal Revenue Service. See Madge v. Commissioner, T.C. Memo. 2000-370 (rejecting taxpayer's due process claim in a deficiency suit and finding that an administrative hearing would have been futile), affd. per curiam without published opinion ___ F.3d ___ (8th Cir. 2001). As a general rule, this Court will not look behind a deficiency notice to examine the evidence used, the propriety of respondent's motives, or the administrative policy or procedure that informs respondent's determinations. Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); see Snyder v.

Commissioner, T.C. Memo. 2001-255. A trial before the Tax Court is a proceeding de novo; our determination of a taxpayer's liability is based on the merits of the case and not on the record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner, supra at 328.

With regard to the burden of proof as it pertains to their liability for the deficiency in their income tax, petitioners' long-winded arguments are misplaced. The resolution of their liability for the deficiency does not depend on which party has the burden of proof. Petitioners have stipulated the amounts omitted from their tax return. There are no material facts in dispute. Since only legal issues remain, the burden of proof is irrelevant. Nis Family Trust v. Commissioner, 115 T.C. 523, 538 (2000). Accordingly, we sustain respondent's deficiency determination.

The second issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty for 1998. Section 6662(a) imposes a 20-percent penalty on underpayments attributable to, among other things, the taxpayer's negligence or disregard of rules or regulations. Negligence is defined to include the "failure to make a reasonable attempt to comply" with the tax laws. Sec. 6662(c). A position with respect to an item is attributable to negligence if it lacks a reasonable basis. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard"

includes any careless, reckless or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. "'[I]ntentional disregard occurs when a taxpayer who knows or should know of a rule or regulation chooses to ignore its requirements.'" Cramer v. Commissioner, 64 F.3d 1406, 1414 (9th Cir. 1995)(quoting Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir. 1987)), affg. 101 T.C. 225 (1993).

By failing to report income and persistently refusing to acknowledge their tax liability with respect to undisputed revenues, despite self-professed familiarity with the tax laws, petitioners have behaved unreasonably and have intentionally disregarded the rules and regulations. These circumstances, which are not disputed, demonstrate that respondent has satisfied his burden of production under section 7491(c) for his determination of the accuracy-related penalty based on negligence or disregard of rules or regulations. Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001). Accordingly, we sustain respondent's determination of the accuracy-related penalty under section 6662(a).

By motion at the conclusion of trial, respondent requested that the Court impose a penalty under section 6673(a). Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 if, inter alia, the taxpayer's position in the proceeding is frivolous. A

position maintained by a taxpayer is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Sanctions are properly imposed when the taxpayer knew or should have known that his claim or argument was frivolous. Hansen v. Commissioner, supra at 1470; Nis Family Trust v. Commissioner, supra at 544.

Petitioners knew or should have known that their position was frivolous. Mr. Corcoran has been trained as an accountant and has been employed in that capacity. He testified that he has spent 4 years researching the tax laws. One month before trial, respondent's counsel sent a letter to petitioners clearly outlining the relevant Code sections. He warned petitioners that respondent would move for the Court to impose the section 6673(a) penalty if they continued to pursue their frivolous arguments. Petitioners ignored our precedents and the warnings from respondent's counsel. At trial petitioners introduced numerous inappropriate exhibits, including a copy of a Peanuts Cartoon featuring Snoopy. They have wasted limited judicial and administrative resources. Accordingly, we shall require petitioners to pay a $2,000 penalty to the United States under section 6673(a).

To the extent not herein discussed, we have considered petitioners' other arguments and found them to be meritless.

To reflect the foregoing,

<u>An appropriate order</u>
<u>and decision will be entered</u>
<u>for respondent.</u>