T.C. Memo. 2004-234


UNITED STATES TAX COURT


GREG OLSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21529-03.             Filed October 13, 2004.


     Respondent determined deficiencies and additions
to tax for petitioner's 1999 and 2000 taxable years.

     <u>Held</u>:  Petitioner received taxable income during
1999 and 2000, and a portion thereof is subject to
self-employment tax.  Sec. 861, I.R.C., and regulations
thereunder, do not exempt his compensation from tax.

     <u>Held</u>, <u>further</u>, petitioner is liable for the sec.
6651(a)(1), I.R.C., addition to tax for failure timely
to file income tax returns for each of the years in
issue.

     <u>Held</u>, <u>further</u>, petitioner is liable for the sec.
6654, I.R.C., addition to tax for failure to pay
estimated tax for the year 2000.


Greg Olson, pro se.

<u>Cameron M. McKesson</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on cross-motions by the parties for summary judgment pursuant to Rule 121.[1]  The instant proceeding arises from notices of deficiency in which respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

|  | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1999 | $4,107 | $427.25 | -- |
| 2000 | 9,772 | 1,908.50 | $395.08 |

After a concession by respondent with respect to 2000, the recalculated amounts for the deficiency, section 6651(a) addition to tax, and section 6654 addition to tax for that year are $6,921, $1,195.75, and $242.81, respectively.  The issues for decision are:

(1) Whether petitioner received taxable income during 1999 and 2000, a portion of which is subject to self-employment tax;

(2) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure timely to file income tax returns for each of the years at issue; and

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986 as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

(3) whether petitioner is liable for the section 6654 addition to tax for failure to pay estimated tax for 2000.

## Background

During the taxable year 1999, petitioner received $18,521 in wages from University Medical Center Corp. and $8,122 in nonemployee compensation from Southwest Sleep Diagnostics. During the taxable year 2000, petitioner received wages of $16,719 from University Medical Center Corp. and nonemployee compensation of $17,181 from American Sleep Diagnostics. Petitioner did not file a Federal income tax return for 1999 or 2000.

On September 12, 2003, respondent issued the underlying notices of deficiency referenced above. The determined deficiencies and additions to tax were computed on the basis of information returns submitted to the Internal Revenue Service by third-party entities.

Petitioner's petition challenging the notices of deficiency was filed with the Court on December 18, 2003, having been postmarked December 11, 2003, and reflected an address for petitioner in Tucson, Arizona. The petition reflected petitioner's position that his income, being "domestic" and not from any taxable source identified by regulations, did not constitute taxable income. Respondent's answer was filed on February 4, 2004, and petitioner filed a reply, with multiple attachments, on March 22, 2004. The attachments set forth at

some length petitioner's argument that section 861 and regulations promulgated thereunder excluded his income from the definition of taxable income.

After the pleadings were closed, petitioner on August 30, 2004, filed a motion for summary judgment. Respondent then filed an opposing motion for summary judgment on September 20, 2004, and a response to petitioner's motion on September 23, 2004. On September 30, 2004, a supplement to respondent's motion for summary judgment was filed, setting forth the adjusted computations for the 2000 deficiency and additions to tax engendered by respondent's concession as to a portion of the income for that year. By order dated September 21, 2004, petitioner was directed to file any response to respondent's motion on or before October 1, 2004. Petitioner filed a response largely reiterating the position expressed in his own motion.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. <u>Id.</u> However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

## I. <u>Petitioner's Motion for Summary Judgment</u>

Petitioner's motion for summary judgment summarizes his position as follows:

> this is what **_must_** happen in order for there to be taxable **_domestic_** income: 1)One must receive a _taxable_ "<u>item</u>" of income (e.g. compensation, interest, rents, etc.) per 26 USC §§ 61 and following. I stipulate that my income appears to be a taxable <u>item</u>. 2) The "source rules" must categorize the income as _domestic_ income per 26 USC §§ 861(a) and 26 CFR §§§§ 1.861-2 through 1.861-7. I stipulate that my income appears to be domestic. 3) The income must derive from a "_specific source or activity_" which is _taxable_. My income does not appear to be derived from a taxable specific source or taxable activity.

As to the third point enumerated, petitioner explained:

> There are specific rules (mainly in 26 CFR §§ 1.861-8) describing when *domestic* income is <u>taxable</u> (non-exempt), and describing when *foreign* income is taxable.  Those rules only show income to be taxable when derived from certain *specific sources and activities*, all of which are connected to international or foreign commerce (including, among other things, *foreigners* receiving income from the U.S., and Americans receiving certain *foreign* income).  <u>Those rules do not show the domestic income of most Americans to be taxable.</u>

As to the substance of petitioner's motion, analogous arguments premised on section 861 and the regulations promulgated thereunder have been repeatedly rejected.  E.g., <u>Takaba v. Commissioner</u>, 119 T.C. 285, 294-295 (2002); <u>Williams v. Commissioner</u>, 114 T.C. 136, 138-139 (2000); <u>Dashiell v. Commissioner</u>, T.C. Memo. 2004-210; <u>Corcoran v. Commissioner</u>, T.C. Memo. 2002-18, affd. 54 Fed. Appx. 254 (9th Cir. 2002).  In <u>Williams v. Commissioner</u>, <u>supra</u> at 138, for instance, the taxpayer contended that his income, because not from any of the sources listed in section 1.861-8(a), Income Tax Regs., was not taxable.  This Court observed:

> Petitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts.  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). * * * [<u>Id.</u> at 138-139.]

Suffice it to say that we direct petitioner to this Court's recent detailed explanation and analysis in <u>Dashiell v.</u>

Commissioner, supra, which explicitly addresses petitioner's contentions by pointing out, inter alia, that section 61 "prefaces its use of the word 'source' by the word 'whatever', thereby making the particular source of a U.S. taxpayer's income (and the income sourcing rules of sections 861-865) irrelevant for purposes of the definition of income under section 61."

Accordingly, the contentions raised in petitioner's motion do not provide a basis upon which summary judgment may be granted in his favor. We also caution petitioner that similar arguments have led to the imposition of penalties under section 6673 for maintaining frivolous positions. E.g., Takaba v. Commissioner, supra at 295-296; Williams v. Commissioner, supra at 144; Corcoran v. Commissioner, supra. Petitioner is hereby forewarned that any arguments pressed in the future should be carefully tailored and limited to nonfrivolous matters.

II. Respondent's Motion for Summary Judgment

A. Deficiencies

Respondent determined that petitioner was liable for deficiencies generated by his failure to report and pay taxes on income earned in 1999 and 2000. As a general rule, the Internal Revenue Code imposes a Federal tax on the taxable income of every individual. Sec. 1. Section 61(a) specifies that "Except as otherwise provided", gross income for purposes of calculating taxable income means "all income from whatever source derived".

The scope of this definition is broad, typically reaching any accretions to wealth. <u>Commissioner v. Schleier</u>, 515 U.S. 323, 327 (1995); <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429-431 (1955). Among the items expressly classified as income under section 61(a) is "Compensation for services, including fees, commissions, fringe benefits, and similar items". Sec. 61(a)(1).

Petitioner conceded in signed stipulations that he received wage income during 1999 and 2000 in the amounts of $18,521, and $16,719, respectively. He similarly admitted that he received nonemployee compensation of $8,122 in 1999 and $17,181 in 2000. As previously indicated, petitioner's arguments as to why this income is nontaxable are meritless. The Court concludes that petitioner is liable for income tax deficiencies on the above compensation. Similarly, given petitioner's concession that the $8,122 and $17,181 amounts constitute nonemployee compensations, these amounts are subject to self-employment tax under section 1401.

B. <u>Additions to Tax</u>

Section 7491(c) places on the Commissioner the burden of production regarding additions to tax. The burden with respect to "reasonable cause, substantial authority, or similar provisions" then shifts to the taxpayer. <u>Higbee v. Commissioner</u>,

116 T.C. 438, 446 (2001). On the record presented in this case, respondent has carried the requisite burden of production.

Section 6651(a)(1) imposes an addition to tax for failure to file a required return on or before the prescribed filing date, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. "Willful neglect" denotes "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). "Reasonable cause" correlates to "ordinary business care and prudence". Id. at 246 & n.4; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner here conceded that he did not file a Federal income tax return for 1999 and 2000. He has offered no explanation for this failure beyond his frivolous assertions that his income was not subject to tax. The Court holds that petitioner is liable for additions to tax under section 6651 for both years in issue.

Section 6654 imposes an addition to tax for underpayment of estimated tax, subject to limited exceptions enumerated in subsection (e). The record here reflects an underpayment of estimated tax for 2000 and does not reflect that any of the referenced exceptions is applicable. Imposition of an addition to tax under section 6654 is sustained with respect to 2000.

To reflect the foregoing and the concession by respondent,

An appropriate order will be issued denying petitioner's motion for summary judgment and granting respondent's motion for summary judgment as supplemented, and an appropriate decision, incorporating respondent's concession, will be entered for respondent.