T.C. Memo. 2005-211

UNITED STATES TAX COURT

THIELE L. WETZEL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20579-03L.          Filed September 12, 2005.

Thiele L. Wetzel, pro se.

Lorraine D. Massano, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge: Respondent sent petitioner a Notice of
Determination Concerning Collection Action Under Section 6320
(the lien determination) in which respondent determined that the
notice of Federal tax lien regarding petitioner's income tax
liabilities for 1994-99 was appropriate and would not be
withdrawn.

The issues for decision are:

1.    Whether petitioner may dispute the existence or amount of his tax liability for 1994-99.  We hold that he may not.

2.    Whether respondent's determination was an abuse of discretion.  We hold that it was not.

3.    Whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions.  We hold that he is.

Section references are to the Internal Revenue Code.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.    <u>Petitioner</u>

Petitioner lived in Daytona Beach, Florida, when he filed the petition.  In 1994-99, petitioner was a professional income tax return preparer who did business through an S corporation called Diversified Accounting Services.  Petitioner was its sole officer and shareholder.  Petitioner filed no Federal income tax returns for 1994-99.

B.    <u>Respondent's Examination of Petitioner's 1994-99 Tax Years</u>

Respondent's revenue agent notified petitioner that he had not filed Federal income tax returns for 1994-99 and asked for information to determine his tax liability for those years.

To reconstruct petitioner's income, respondent's revenue agent sent letters to petitioner's accounting clients and asked them to provide copies of canceled checks written to petitioner. The revenue agent also sent copies of those letters to petitioner. Petitioner demanded that the revenue agent stop contacting his clients. Petitioner contended that the requests to his clients were an unconstitutional invasion of his privacy.

The revenue agent issued summonses to petitioner's banks. Petitioner wrote letters to the revenue agent stating that the summonses were invalid for several reasons, including: (1) Issuance of the summonses violated (a) the U.S. Constitution; (b) the Internal Revenue Manual; and (c) the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998); and (2) the revenue agent failed to provide petitioner with (a) a Privacy Act statement; (b) a certificate of service of summons; (c) proof of delegation of authority; and (d) notice stating whether the documents sought by the revenue agent were for a civil or criminal investigation.

Respondent sent petitioner proposed adjustments to his income tax for 1994-99, letters, notice of amounts due, and statements of account. Those notices and statements showed amounts respondent had concluded petitioner owed for 1994-99. Petitioner stamped those letters, notices, and statements of account "Refused for Fraud F.R.C.P. 9(b)" and returned them to

respondent, with an attachment in which he raised numerous frivolous contentions, such as he was not a taxpayer, he had engaged in no taxable activity, and respondent had not prepared proper substitute for returns. Petitioner asked respondent to show him the statute that made him liable for Federal income tax.

C. Notice of Deficiency

Respondent sent and petitioner received a notice of deficiency for 1994-99 dated September 12, 2001. In it, respondent determined, based on information that respondent obtained from petitioner's clients and banks, that petitioner had the following amounts of unreported income from Diversified Accounting Services:

| Year | Income |
|------|--------|
| 1994 | $34,067 |
| 1995 | 27,848 |
| 1996 | 30,639 |
| 1997 | 35,579 |
| 1998 | 30,772 |
| 1999 | 43,284 |

Respondent determined that petitioner had income tax deficiencies and liability for additions to tax as follows:

| | | Additions to tax | |
|------|--------------|--------------|--------------|
| Year | Deficiencies | Sec. 6651(f) | Sec. 6654(a) |
| 1994 | $4,834 | $3,625.50 | $250.84 |
| 1995 | 3,214 | 2,410.50 | 174.26 |
| 1996 | 3,621 | 2,625.22 | 192.71 |
| 1997 | 4,853 | 3,518.42 | 259.63 |
| 1998 | 3,574 | 2,591.15 | 163.53 |
| 1999 | 6,796 | 4,927.10 | 328.88 |

Respondent also determined that petitioner was liable for the addition to tax for failure to pay under section 6651(a)(2) in

amounts that could not be computed at the time of the determination.  Petitioner did not file a petition with this Court.

Petitioner stamped the notice of deficiency "Refused for Fraud F.R.C.P. 9(b)" and returned it to respondent with an attachment in which petitioner alleged: (1) The notice of deficiency was fraudulent; (2) he did not receive notice of the examination; (3) he is not liable for tax; and (4) respondent failed to prepare proper substitutes for returns.

D.    Notice of Federal Tax Lien

On January 22, 2003, respondent filed a notice of Federal tax lien relating to petitioner's unpaid income tax liabilities of $14,777.63 for 1994, $9,035.91 for 1995, $9,316.57 for 1996, $11,563.38 for 1997, $7,871.54 for 1998, and $13,809.37 for 1999. On January 27, 2003, respondent sent petitioner a notice that the notice of Federal tax lien for 1994-99 had been filed.

Petitioner timely requested a hearing under sections 6320 and 6330 on February 25, 2003.  In the hearing request, petitioner claimed that he was not a "taxpayer" as defined in the Internal Revenue Code or by any regulation thereunder, and he asked: (1) What, if any Federal tax liability does he have? (2) for which Federal tax is he liable? (3) what action made him liable for Federal tax? (4) why was he not told that he owed Federal tax? and (5) who assessed the Federal tax?

Petitioner attached a letter to his hearing request in which he alleged: (1) He had received no taxable income and had no taxable activity and thus had no filing requirement; (2) respondent had not prepared proper substitute for returns under section 6020(b) in that they were not signed by the Secretary and were not on a form approved by the Office of Management and Budget (OMB); (3) the lien was fabricated; and (4) the assessment was unlawful.

On May 29, 2003, respondent sent petitioner copies of Forms 4340, Certificates of Assessment, Payments, and Other Specified Matters, for 1994-99. Petitioner sent numerous letters to respondent replete with the arguments described above and additional arguments including: (1) Respondent failed to provide him with Form 23C, Assessment Certificate - Summary Record of Assessments; (2) imposition of the lien was a denial of due process; and (3) respondent's agents who worked on petitioner's case should be prosecuted.

On October 31, 2003, respondent sent petitioner a Notice of Determination Concerning Collection Actions under section 6320 and/or 6330, in which respondent stated that all applicable laws and administrative procedures had been met and that collection from petitioner of his tax liability for 1994-99 would proceed. Respondent determined that petitioner had raised only frivolous issues and warned petitioner that he may be held liable for a

penalty of up to $25,000 for instituting or maintaining an action primarily for delay or for taking frivolous or groundless positions.

## OPINION

A.  Whether Petitioner May Dispute the Underlying Tax Liability

Petitioner contends that he had no taxable income or activities in 1994-99, and thus he had no tax liability for those years.

A taxpayer may dispute the existence or amount of his or her tax liability at a section 6330(b) hearing if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).  Petitioner received the notice of deficiency for 1994-99.  Thus, petitioner may not dispute the existence or amount of his tax liabilities for those years under sections 6320 and 6330.  Id.

B.  Whether Respondent's Determination Was an Abuse of Discretion

Petitioner contends that respondent's determination was an abuse of discretion because: (1) He had no taxable income or activities; (2) payment of Federal income tax is voluntary; (3) the assessment was not proper; (4) the lien was premature; and (5) the conduct of respondent's employee was fraudulent and subject to sanctions.[1]  We disagree because: (1) Petitioner had

---

[1]  Petitioner does not contend that the burden of proof shifts to respondent under sec. 7491(a) in this case.

taxable income; (2) payment of Federal income tax is not voluntary; (3) respondent's settlement officer verified that the requirements of applicable law and administrative procedures had been met; (4) the certified transcripts of petitioner's tax account for 1994-99 show that assessment was proper and the lien was not premature; and (5) there is no evidence that the conclusions of the settlement officer are incorrect or that any sanctions against IRS personnel are warranted.

We conclude that respondent's determination not to withdraw the notice of Federal tax lien was not an abuse of discretion.

C.    Whether Petitioner Is Liable for a Penalty Under Section 6673

Respondent moved at trial to impose a penalty under section 6673 on grounds that petitioner made only frivolous arguments and instituted these proceedings primarily for delay.  Petitioner responded to respondent's motion with frivolous arguments.

The Court may impose a penalty of up to $25,000 if the taxpayer's position or positions are frivolous or groundless or the proceedings were instituted primarily for delay.  Sec. 6673(a)(1)(B).  A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Gilligan v. Commissioner, T.C. Memo. 2004-194.

Petitioner took frivolous positions at trial, including that (1) he was not a taxpayer as defined by the Internal Revenue Code; (2) income from his tax return preparation business was not taxable; (3) payment of Federal income tax is voluntary; (4) he can only be taxed based on substitutes for returns that qualify under section 6020(b) and that are on forms approved by OMB and signed by the Secretary; and (5) no proper assessment was made because respondent did not provide Form 23C. Respondent's settlement officer warned petitioner that he might be held liable for a penalty under section 6673. Petitioner continued to make frivolous arguments in his petition, during pretrial proceedings, at trial, and in his brief.

A taxpayer may be liable for a penalty under section 6673 if the taxpayer knew or should have known that his or her claim or argument was frivolous. Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987); Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000); Corcoran v. Commissioner, T.C. Memo. 2002-18, affd. 54 Fed. Appx. 254 (9th Cir. 2002). Petitioner is a professional tax return preparer who knew or should have known that his arguments are frivolous. We conclude that petitioner instituted and maintained these proceedings primarily for delay.

We will impose a penalty under section 6673 in the amount of $15,000.

To reflect the foregoing,

Respondent's motion to impose a penalty under section 6673 will be granted, and decision will be entered for respondent.