JERRY P. MCNEIL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McNeil v. Comm'r
Docket No. 18300-10 L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 52; June 14, 2011, Decided
*52 Robert N. Armen, Special Trial Judge.
Robert N. Armen
ORDER AND ORDER AND DECISION
The instant case is a collection review proceeding commenced pursuant to section 6330(d) (1) and Rules 330-334.[1]
Pending before the Court are (1) respondent's Motion For Summary Judgment, filed March 21, 2011, and supplemented June 8, 2011, and (2) respondent's Motion To Permit Levy, filed March 21, 2011.[2] Petitioner filed an Objection to each motion on April 11, 2011. As discussed below, we shall grant respondent's Motion For Summary Judgment, as supplemented, and deny respondent's Motion To Permit Levy.
Background
At the time that the petition was filed, petitioner resided in the State of Oklahoma.
Petitioner is a former Federal employee, having retired on or about February 3, 1987. Petitioner received nondisability civil service pension *53 distributions from the United States Office of Personnel Management (OPM) in 2004, 2005, and 2006 of $56,892, $58,428, and $60,816, respectively, for which OPM issued Forms CSA 1099-R ("Statement Of Annuity Paid").
Petitioner did not file a valid income tax return for 2004, 2005, or 2006. Rather, for each of those years petitioner submitted to one or more of respondent's regional service centers a Form 1040NR ("U.S. Nonresident Alien Income Tax Return") and/or a Form 1040NR-EZ ("U.S. Income Tax Return for Certain Nonresident Aliens With No Dependents").[3] *54 On these forms, petitioner acknowledged receiving pension distributions from OPM but claimed that such distributions were not taxable, either because "my receipts from within the 'United States' are a vested right, protected by the 'Contract Clause' and the fifth amendment to the Constitution for the united [sic] States of America" or because "the annuity distributions are property not in the political or judicial control of the US".
For each of the years 2004, 2005, and 2006, respondent sent petitioner a written letter advising him that the submitted Form 1040NR or Form 1040NR-EZ was frivolous, warning him of a potential penalty under section 6702 for each submission, and affording him the opportunity of rectifying the submission by sending a corrected form. After petitioner failed to send a corrected form in response to each notification, respondent assessed the applicable penalty.
Also for each of the years 2004, 2005, and 2006, respondent sent petitioner a notice of deficiency. See sec. 6212. In each instance, respondent determined both a deficiency in income tax (based principally on petitioner's failure to report his pension income) and various additions to tax and/or penalties. Petitioner failed to file a petition for redetermination with this Court for 2004 and 2006. See sec. 6213(a); see also sec. 6213(c). For 2005, petitioner filed a petition at dkt. No. 17747-08, but it was dismissed for lack of jurisdiction after petitioner failed to obey an order directing him to file a proper amended petition and pay the filing fee. Accordingly, for each year, respondent *55 assessed the deficiency in tax, together with applicable addition(s) to tax and penalty(ies), as well as statutory interest.
Concurrent with each assessment, respondent sent petitioner a notice and demand for payment. See sec. 6303(a). In each instance petitioner failed to pay. Thereafter, respondent sent petitioner a final notice of intent to levy, and petitioner requested an administrative hearing with respondent's Appeals Office. See sec. 6330. Ultimately, on July 23, 2010, respondent's Appeals Office issued (1) a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding petitioner's outstanding liabilities for "Income/1040" for 2004, 2005, and 2006, and (2) a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding petitioner's outstanding liabilities for "Civil Penalty/IRC 6702(a)" for 2004, 2005, and 2006. Petitioner then appealed to this Court. See sec. 6330(d) (1); Rules 330-334.
Discussion(1) Motion For Summary Judgment
The facts as outlined above speak for themselves and presage our ruling on respondent's summary judgment motion.
Income from annuities and pensions falls within the definition of gross *56 income and is taxable.[4] *57 Sec. 61(a) (9), (11). Petitioner's protestations to the contrary are frivolous and need not be discussed at length. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Suffice it to say that petitioner's submissions appear to implicate the so-called "861 argument", which is often advanced by tax protestors, see Stephens v. Commissioner, T.C. Memo 2005-183, that items of income not listed in the regulations under section 861 do not constitute gross income within the meaning of section 61 and are therefore not subject to tax, see Corcoran v. Commissioner, T.C. Memo 2002-18 and cases cited therein, affd. 54 Fed. Appx. 254 (9th Cir. 2002). We have previously characterized the "861 argument" as frivolous. Takaba v. Commissioner, 119 T.C. 285, 294-295 (2002). In any event, petitioner's submissions are frivolous, and his arguments (whether based on section 861 or independent of that section) are nothing other than pseudo-legal gobbledegook of no moment.
In short, respondent's assessments are in accord with the law, and petitioner has failed to raise any justiciable issue. Respondent's Motion For Summary Judgment, as supplemented, shall be granted.
(2) Motion To Permit Levy
We shall deny respondent's Motion To Permit Levy because respondent has not convincingly demonstrated that petitioner's assets may be dissipated or concealed or may not otherwise be susceptible to levy if the general suspension rule of section 6330(e) (1) is honored.
Conclusion
In order to give effect to the foregoing, it is hereby
ORDERED that respondent's Motion For Summary Judgment, filed March 21, 2011, and supplemented June 8, 2011, is granted. It is further
ORDERED AND DECIDED that respondent may proceed with the proposed collection action (levy), as determined by respondent's Appeals Office in its Notice Of Determination *58 Concerning Collection Action(s) Under Section 6320 and/or 6330 dated July 23, 2010, regarding petitioner's outstanding liabilities for "Income/1040" (i.e., liabilities related to income taxes) for 2004, 2005, and 2006, and as determined by respondent's Appeals Office in its Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 dated July 23, 2010, regarding petitioner's outstanding liabilities for "Civil Penalty/IRC 6702(a)" (i.e., liabilities related to frivolous filing penalties) for 2004, 2005, and 2006. It is further
ORDERED that respondent's Motion To Permit Levy, filed March 21, 2011, is denied.
/s/ Robert N. Armen
Special Trial Judge
Entered: JUN 14 2011
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Originally, respondent filed a Motion For Judgment On The Pleadings on March 21, 2011. However, by Order dated May 26, 2011, that motion was recharacterized by the Court as a motion for summary judgment. See Rule 120(b)↩.
3. On each of these forms, petitioner listed an Oklahoma address (the same as listed on the petition in the instant case) and claimed to be a citizen or national of the State of Texas. Also, petitioner admits to holding a passport issued by the United States.
4. Petitioner may have a basis in his civil service pension such that the gross distribution is not fully taxable. However, for the years in issue (i.e., 2004, 2005, and 2006), basis could have been raised as an issue in an action for redetermination if petitioner had appealed to this Court (2004 and 2006) or had complied with our order regarding an amended petition and filing fee (2005). Regardless, any potential issue related to basis is not before us in the instant case. E.g., sec. 6330(c) (2) (B); Giamelli v. Commissioner, 129 T.C. 107, 112-117↩ (2007).