# United States Tax Court

T.C. Memo. 2025-60

ALBERT MARK FONDA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 7871-23.                                    Filed June 5, 2025.

————

Albert Mark Fonda, pro se.

*Peter N. Tran*, *Cierra C. Harris*, *Jessica Thomas*, and *Gordon P. Sanz*, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, *Judge*: Petitioner is a longtime tax protester. He acknowledged during trial that he filed his last Federal income tax return for the 2012 tax year and has not filed a return since. Among the years for which he failed to file returns is 2019, the tax year in issue. Petitioner has stipulated that he received during 2019 wages of $125,519 and a retirement distribution of $101,735. But he insists that neither form of compensation is taxable. Rejecting that argument, we will sustain the determinations by the Internal Revenue Service (IRS or respondent) to the extent set forth in this Opinion. We will also impose a $7,500 penalty under section 6673.[1]

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

[*2]                    FINDINGS OF FACT

The following facts are derived from the pleadings, petitioner's pretrial Motions, a Stipulation of Facts with attached Exhibits, and petitioner's trial testimony.  He resided in Texas when his Petition was timely filed.

The IRS received Form W–2, Wage and Tax Statement, from Meridian Energy Group, Inc., reporting that it had paid petitioner wages of $125,519 during 2019.  The IRS received Form 1099–R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from Edward Jones reporting that it had paid petitioner a taxable retirement distribution of $101,735 during 2019.

Petitioner subsequently sent the IRS a package of documents that included what he styled a "corrected" Form W–2 and a "corrected" Form 1099–R.  These Forms were not prepared or submitted by the payors of the income.  Rather, petitioner created them himself, simply crossing out the amounts shown on the original Forms and inserting zeros.

The account transcript for petitioner's account shows that the IRS commenced an examination for his 2019 tax year on July 8, 2022, and prepared a substitute for return (SFR) on July 25, 2022.  *See* § 6020(b).  On April 27, 2023, the IRS sent petitioner a Notice of Deficiency based on the SFR.  It determined a deficiency of $62,083, calculated on $227,255 of unreported compensation as listed above, $120 of unreported investment income, and a 10% additional tax under section 72(t) for an early distribution from a qualified plan.  The Notice also determined additions to tax for failure to timely file, failure to timely pay, and failure to pay estimated tax.  *See* §§ 6651(a)(1) and (2), 6654.  Petitioner timely petitioned this Court for redetermination.

Petitioner concedes that he was born in New York, that he was a resident of Houston, Texas, during 2019, that he is a "U.S. national," and that he holds a U.S. passport.  And he concedes that he has a U.S. Social Security card, while asserting that he has conveyed to the Social Security Administration "the name change from ALBERT MARK FONDA to Albert Mark Fonda."  He has stipulated that he received $227,255 in wages and retirement income during 2019.  But he asserts that he is not taxable on this income.  In his Petition, pretrial Motions, and trial testimony, he has based this assertion on a hodgepodge of frivolous arguments, including the following:

**[*3]**

- He initially contended that "this case must be dismissed based on lack of in personam jurisdiction since I am not a statutory public federal citizen or an IRS taxpayer." He appears to have abandoned that argument.

- He asserts that "the party that is named on the Notice of Deficiency, which is in caps, ALBERT M. FONDA, is a transmitting utility which is not me." "The CAPITAL LETTER NAME," he says, is a "legal personality assigned shortly after birth by our incorporated STATE government without our knowledge or consent, using the birth registration process." This "legal personality" is supposedly an "artificial person [used to] engage in commerce." Petitioner asserts that he, Albert M. Fonda, has "no surety, no trusteeship, and no agency over that entity. That is not me. That person is not here."

- He asserts that he has "revoked and rescinded this STATE-created artificial person and [has] replaced it with a Private Business Trust that now serves as my legal personality, referred to as 'dba ALBERT MARK FONDA.'" He asserts that he has "selected the Commissioner of Internal Revenue as a Trustee for [his] Private Business Trust" and that the Commissioner "has not upheld his fiduciary duties, which is clearly in breach of trust." He asserts that he has therefore "been denied [his] right to civilian due process as guaranteed by the Fifth Amendment."

- By "rescinding" his artificial legal personality, petitioner asserts that he has "revoked the presumption of dual political status as both a public federal 'U.S. Citizen' and a Statutory 'U.S. National' born on federal or U.S. territorial land." As a result, he says that he is now "a private civilian citizen, born and domiciled on unincorporated state land." He asserts that he "receive[s] no civil rights under the 14th Amendment and thus owe[s] no corelative [sic] duties under statutory codes and regulations, such as those being falsely imposed upon me by the IRS."

- Although born in New York and residing in Texas, he asserts that he is a "non-resident alien" for Federal income tax purposes. In his words: "I'm not a Federal citizen where I would be owing my allegiance to the Federal corporation. Instead, I am a national, which is recognized by the Department of State, and I have filed and have a passport that says that I am a national."

[*4]

- Because he is supposedly a nonresident alien, he asserts that he is taxable only on income derived from the conduct of a "U.S. trade or business." He asserts that neither his retirement income nor his wages were "effectively connected with a trade or business in the United States as per [Treasury Regulation] § 1.871-10(d)(2)(iii)."

- He asserts that the only persons subject to Federal income tax are residents of the District of Columbia, residents of U.S. Territories, and employees of the Federal government. In his words: "All of my income, past and present, is from wages for labor performed in the private sector, which is not federal taxable income, as defined by [Code] § 864(b)."

- He asserts that in May 2013 he filed with the IRS a document that "removed my consent and revoked my taxpayer status effective for the 2012 tax year going forward." The IRS Form 1040, U.S. Individual Income Tax Return, he says, "is a contract, an implied contract, which I unwillingly agreed to several times. And so in 2013, I sent [the IRS] a recission of contract stating that I'm no longer bound by that implied contract." In petitioner's words, this supposed rescission of contract "established my natural birthright and declared myself as the beneficiary, not the trustee for the STATE-created contracts or trusts established in my name." "The IRS substitute tax return included in the Notice of Deficiency," he says, "is an offer to contract which I have refused."

After petitioning this Court petitioner filed a lengthy series of Motions—Motions to Dismiss for Lack of Jurisdiction, Motions to Dismiss for Failure to State a Claim, Motions for Summary Judgment, Motions for In Camera Review, Motions to Clarify, Motions for Default, Motions to Compel Production of Documents, Motions to Serve Additional Interrogatories, and Motions to Compel Stipulations. All these Motions were premised on the frivolous arguments described above. When we denied these Motions, petitioner filed Motions for Reconsideration and/or Motions for Recusal of Judge. Those Motions were likewise denied.

Petitioner's litigating strategy has required the Court to issue at least 25 pretrial Orders and conduct a lengthy discovery hearing in December 2023. In an Order served September 27, 2024, denying one of his discovery Motions, we advised petitioner that his filings "contain

[*5] frivolous arguments that attempt to relieve [him] of his underlying tax liabilities." We took that opportunity to inform him that the Court "may impose a penalty of up to $25,000" upon a taxpayer who advances frivolous arguments for the purpose of delay. *See* § 6673(a)(1). We declined to impose a penalty at that time, but we warned petitioner that, if he continued to "maintain a frivolous or groundless position or continue[d] to maintain this proceeding primarily for delay, . . . this Court may impose the maximum section 6673 penalty." We have reiterated that warning on two subsequent occasions. Nevertheless, petitioner continued to advance his entire panoply of frivolous arguments in subsequent Motions practice and at trial.

At the outset of trial respondent conceded the $120 of investment income, the 10% additional tax, and all three additions to tax. Respondent's counsel represented that the IRS was conceding the 10% additional tax because it had concluded that the retirement distribution was not an "early distribution." *See* § 72(t)(2)(A)(i). Respondent's counsel represented that the IRS was conceding the additions to tax because it could not retrieve a copy of the SFR. Thus, the only questions remaining for decision are the taxability of petitioner's wages and retirement income and the application of the section 6673 penalty.

During the trial petitioner made oral Motions to "void the Notice of Deficiency" on two grounds. First, he contended that the Notice, which was addressed to him at his Houston address, "was addressed to a fictitious legal identity for which Petitioner has no surety." We denied that Motion as frivolous.

Second, he contended that the Notice of Deficiency "was not issued in the allowable assessment period pursuant to [Code] § 6501." The notice was issued on April 27, 2023, slightly more than three years after April 15, 2020, the date prescribed for filing the 2019 return. *See* § 6501(a). But because petitioner failed to file a return, no period of limitations applies and the tax for 2019 may be assessed "at any time." *See* § 6501(c)(3). We accordingly denied that oral Motion as well.

OPINION

I.     *Unreported Income*

The Code provides that "gross income means all income from whatever source derived," including "[c]ompensation for services." § 61(a)(1). Gross income likewise includes distributions from a qualified retirement plan. *See* §§ 61, 72(a)(1), 408(d)(1). Such distributions are

[*6] taxable in full unless the taxpayer has acquired a basis in his account (for example) by making nondeductible contributions to it. *See* §§ 72(b), (e)(6), 408(d)(2); *Campbell v. Commissioner*, 108 T.C. 54, 66–67 (1997).

In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer with the income-producing activity, *see Portillo v. Commissioner*, 932 F.2d 1128, 1133 (5th Cir. 1991), *aff'g in part, rev'g in part and remanding* T.C. Memo. 1990-68, or demonstrate that the taxpayer actually received income, *Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir. 1982) (per curiam). Information supplied to the IRS by the taxpayer's employer on Form W–2, or by other payors on Forms 1099, is sufficient to meet this burden. *See Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97. "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019) (citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)); *see Texasgulf, Inc., & Subs. v. Commissioner*, 172 F.3d 209, 214 (2d Cir. 1999), *aff'g* 107 T.C. 51 (1996).

The IRS may not rely solely on a third-party report of income, such as a Form 1099, if the taxpayer raises a reasonable dispute concerning the accuracy of the report. *See* § 6201(d). Petitioner has not done so. To the contrary, he has admitted that he received during 2019 the wages reported on the Form W–2 and the retirement distribution reported on the Form 1099–R. He does not contend that he made nondeductible contributions to his retirement account, and he urges no non-frivolous argument to support the nontaxability of his retirement distribution.

In contending that his 2019 income was immune from Federal income taxation, petitioner offers a familiar array of arguments lifted from the tax-protester arsenal. He asserts that he occupies two separate identities, one individual and one legal, and urges that neither identity earned taxable income. He asserts that he changed his name from MARK ALBERT FONDA (all capital letters) "to remove . . . the name from public use as a corporate strawman." This is nonsense: Petitioner concedes that he received the income reported on the Forms W–2 and 1099–R. His assertion that the income he concedes having received is not subject to Federal income tax is a frivolous argument. *See May v. Commissioner*, 752 F.2d 1301, 1304 (8th Cir. 1985) (citing *Abrams v.*

**[\*7]** *Commissioner*, 82 T.C. 403, 406–07 (1984)); *see also United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e have held that wages are within the definition of income under the Internal Revenue Code . . . and are subject to taxation."); *Coleman v. Commissioner*, 791 F.2d 68, 70–71 (7th Cir. 1986) (same and collecting authorities); *Waltner v. Commissioner*, T.C. Memo. 2014-35, 107 T.C.M. (CCH) 1189, 1195, *aff'd*, 659 F. App'x 440 (9th Cir. 2016).

Petitioner's central argument, reiterated in various ways, is that he is a citizen of a state, but not of the United States. This is a time-worn tax-protester argument, and it has never been accepted by any court. *See Waltner*, 107 T.C.M. (CCH) at 1202 n.71. Variations of this argument are contained in The Truth About Frivolous Tax Arguments, a compendium of frivolous positions and the caselaw refuting them that the IRS publishes and occasionally updates. *See* Internal Revenue Serv., The Truth About Frivolous Tax Arguments 9–13 (2022), https://www.irs.gov/pub/irs-counsel/2022-the-truth-about-frivolous-tax-arguments.pdf (characterizing as frivolous the argument that "[w]ages . . . are not income"); *see also* I.R.S. Notice 2006-31, 2006-1 C.B. 751, 751 ("No authority supports the claim that individuals may avoid their federal income tax obligations based on 'straw man' arguments. The use of all uppercase letters, italics, abbreviations or other formats of an individual's name in government documents has no significance whatsoever.").

Petitioner next asserts that he is a nonresident alien and is thus taxable only on income "effectively connected with the conduct of a trade or business within the United States." *See* § 871(b)(1). As a Texas resident who was born in New York, petitioner is neither a "nonresident" nor an "alien." The argument that a U.S. citizen is immune from tax by virtue of the sourcing rules in subchapter N was held to be "standard tax protester rhetoric" 23 years ago. *Corcoran v. Commissioner*, T.C. Memo. 2002-18, 83 T.C.M. (CCH) 1107, 1108–10 (imposing penalty of $2,000 under section 6673(a)), *aff'd*, 54 F. App'x 254 (9th Cir. 2002); *see Great-West Life Assurance Co. v. United States*, 678 F.2d 180, 183 (Ct. Cl. 1982) ("The determination of where income is derived or 'sourced' is generally of no moment to either United States citizens or United States corporations, for such persons are subject to tax . . . on their worldwide income."); The Truth About Frivolous Tax Arguments, *supra*, at 13–15 (explaining that petitioner's line of argument is based on a misreading of numerous Code sections and is a "frivolous assertion[] . . . contrary to well-established legal precedent").

**[\*8]**    Finally, petitioner urges that his wages are immune from tax because he is not an "employee" of the Federal government.  Citing the definition of "employee" in section 3401(c), which provides that this term "includes" Federal officers and employees, petitioner insists that only Federal employees and persons holding public office are taxed under the Code.  This is a tiresome tax-protester argument that no court has ever accepted.  *See Wnuck v. Commissioner*, 136 T.C. 498, 506 (2011) ("Anyone fluent in English knows that the word 'includes' cannot be assumed to mean 'includes *only*.' . . ."); *Waltner*, 107 T.C.M. (CCH) at 1201 (citing *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985)).

In sum, petitioner's arguments have been rejected by the courts in hundreds of cases, and we will not dignify his position with further response.  *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent . . . ."); *see also Wnuck*, 136 T.C. at 501–13 (explaining why courts appropriately "give short shrift to frivolous arguments").  Petitioner has not met his burden of proving that the IRS acted erroneously or arbitrarily by including in his 2019 gross income wages of $125,519 and a retirement distribution of $101,735.  We will accordingly sustain these adjustments.

II.    *Penalty for Maintaining Frivolous Positions*

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, "[w]henever it appears to the Tax Court that—(A) proceedings before it have been instituted or maintained . . . primarily for delay, [or] (B) the taxpayer's position in such proceeding is frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial and IRS resources.  *Coleman v. Commissioner*, 791 F.2d at 71–72; *Salzer v. Commissioner*, T.C. Memo. 2014-188, 108 T.C.M. (CCH) 284, 287.  "Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants . . . ."  *Kernan v. Commissioner*, T.C. Memo. 2014-228, 108 T.C.M. (CCH) 503, 512, *aff'd*, 670 F. App'x 944 (9th Cir. 2016).

Lacking any legal support for his position, petitioner has cut and pasted gibberish from tax-protester websites.  Although he is not a lawyer, had he made even a modest inquiry using an internet search engine he would have found the copious authorities refuting his stance.  *See*

**[\*9]** *Wnuck*, 136 T.C. at 504 ("Anyone with the inclination to do legal research . . . will confront such authorities.").

Petitioner began advancing frivolous arguments at the commencement of this case, and he has not stopped since, despite our warnings that he should desist. We warned petitioner during the trial that he was advancing frivolous arguments that the courts had repeatedly rejected. He nevertheless adhered to his position. His persistent filing of frivolous papers has wasted the Government's time and ours. We will accordingly require that he pay to the United States a penalty of $7,500.

To reflect the foregoing,

*Decision will be entered under Rule 155.*