T.C. Memo. 2014-188

UNITED STATES TAX COURT

DONALD THOMAS SALZER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24091-13.                          Filed September 15, 2014.

    P, a married individual with substantial wage income, failed to
file a Federal income tax return for 2010 because he disagreed with
Government policies.  R prepared a substitute for return, assigning P
the filing status of married filing separately, and determined a
deficiency in income tax and additions to tax.  P contends that he
should be entitled to joint filing status because it would have been
allowable if he had elected to file a joint return with his wife.

    <u>Held</u>:  P is not entitled to joint filing status.

    <u>Held</u>, <u>further</u>, P is liable for additions to tax under I.R.C. secs.
6651(a)(1) and (2) and 6654(a).

[*2]   Donald Thomas Salzer, pro se.

Rebecca M. Clark, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case is before the Court on an order to show cause dated June 30, 2014, directing the parties to show cause in writing why this case should not be decided on the basis of the parties' responses to an earlier order dated May 19, 2014, the parties' pleadings, and consistently with petitioner's prior case at docket No. 5676-13S.  On the basis of the parties' responses to the June 30, 2014 show cause order, the Court will make that order absolute and decide on the merits the issues presented herein.

All Rule references are to the Tax Court Rules of Practice and Procedure; all section references are to the Internal Revenue Code in effect for 2010, the taxable year in issue.

Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for 2010:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2010 | $35,852.00 | $2,661.98 | $1,538.03 | $196.49 |

**[\*3]**   After concessions by the parties,[1] the issues for decision are:

(1) whether petitioner is entitled to joint filing status.  We hold that he is not; and

(2) whether petitioner is liable for additions to tax for failure to timely file, for failure to timely pay, and for failure to pay estimated tax.  We hold that he is, subject to, and in amounts to be determined by, the parties' Rule 155 computations.

## Background

Petitioner resided in the State of Michigan at the time that the petition was filed.

Petitioner and his wife were married in 1985 and remained married through 2010, the taxable year in issue.  During that year petitioner and his wife, together with their two minor children, lived together as a family.

---

[1] Petitioner concedes the income adjustment in the notice of deficiency.  See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").  In addition, petitioner does not claim any itemized deduction.

Respondent concedes that petitioner is entitled to:  (1) an exemption for his wife; (2) dependency exemption deductions for two qualifying children; and (3) a child tax credit for those children (subject to the income limitation and credit phaseout prescribed by sec. 24(b)).  Also, respondent acknowledges, consistent with the notice of deficiency, that petitioner is entitled to a withholding credit of $24,021 as an offset against the determined deficiency.  See sec. 6211(b)(1).

**[\*4]** Petitioner was employed in 2010 and was paid $151,414.[2] Petitioner's wife was not employed in 2010, nor did she have any gross income for that year.

Petitioner and his wife filed a joint income tax return for each of the years from 1985 through 2007, but not thereafter. Petitioner did not file a separate return for 2010, nor did he pay any income tax (other than through withholding) or any estimated tax for that year.[3]

Upon examination respondent prepared a substitute for return (SFR) for petitioner for 2010 and subsequently determined a deficiency and additions to tax on the basis of the SFR. In so doing respondent assigned petitioner the filing status of married filing separately and allowed (1) the standard deduction corresponding to that filing status and (2) one personal exemption.

In a letter sent to respondent in 2011, petitioner offered the following rationale for his decision not to file income tax returns for taxable years after 2007:

> We are citizens of the United States of America. We have paid taxes to what we thought was the United States of America. Apparently through the years, socialism has taken control of this country without us being aware of it. In 2008, George W. Bush asked the American people to accept socialism and Barak [sic] Obama has plowed straight

---

[2] In addition, petitioner received deferred compensation of $10,878.

[3] Similarly, petitioner did not file a separate return for 2008 or 2009, nor did he pay any income tax (other than through withholding) or any estimated tax for either of those two years.

[*5] ahead with tons more.  We resoundingly reject it which is shown in our not having submitted a tax form for 2008 or 2009 and will not be doing so for 2010.  We support the United States of America, the republic, the Christian nation; we do not support this socialist government that has hijacked Washington DC.  God has said "Blessed is that country whose God is the Lord." (Psalm 33:12)  This government has shown nothing but malice toward the American people, has attacked our soldiers and veterans in various ways, has attacked our children at the public schools by trying to push wrong beliefs-- contrary to the Bible-- to them, has sexually assaulted our people at the airports in the name of security, is killing the unborn, has taken over car companies, have taken control of the banks, taking over our health care and sold us to China.  We know what socialism is.  Socialism is not "just another economic theory".  There is no good kind of socialism.  It is an anti-Christian, anti-American and against the U.S. Constitution.  It is about trying to control people and deprive them of what they need.  Because of it, millions of people have died.  We reject this whole heartedly.  We do not want this happening to the people of this country or anywhere.  This needs to stop now.

We support the true United States of America.  Once we get it back, we will submit our tax forms to it.  In fact, we will be making every effort to be the first in line.  It should be quite clear from our records that before these problems, we have always filed on time and correctly.  But, until our government is returned, we will not submit your forms.

Subsequently, in response to the Court's June 30, 2014 show cause order,

petitioner elaborated on his position as a nonfiler:

All of the facts behind this case need to be considered.  It was not possible for the Petitioner to submit a tax form to the United States Internal Revenue Service due to the fact that beginning in 2008, the government was taken over by a socialist sedition.  This action was started when then President Bush asked the American people to accept Socialism to correct the financial meltdown that the Federal

**[\*6]** government had created. Socialism is not just and has led to destruction, impoverishment and third world conditions wherever it has been practiced. The current mediocre condition of everything in the nation is just the beginning. This action was supported by Congress and then accelerated by President Obama. The Petitioner does not accept socialism. This fact was explained to the IRS in response to their initial inquiry. They responded that it was [a] frivolous reason for not filing a return. These documents are attached. They further stated that we needed to pay our fair share of taxes. The Petitioner and spouse have always paid our fair share of taxes from both prior to our marriage in 1985 up to and including 2013. This fact can be verified by reviewing the records of the IRS.

This case was presented to the Tax Court in the hopes that when it was presented to another part of the government, that justice would be served. The Petitioner was informed that the Tax Court was separate from the IRS. Yet, it appears that the Tax Court is in step with the IRS in that it simply wants the same forms and administration. I again ask the same question as in my prior response, is it justice for our criminal courts to grant a sentence of 1 day for a conviction of felony assault while the Tax Court contemplates a huge financial sentence to a honest citizen who has paid the appropriate taxes but simply hasn't filed tax forms?

## Discussion

### I. Petitioner's Filing Status

Petitioner is a married individual who lived with his wife and minor children throughout 2010. See sec. 7703 (regarding determination of marital status). Accordingly, petitioner was obliged to compute his tax for 2010 using either the rates applicable to married individuals filing jointly, see sec. 1(a)(1), or the rates

**[*7]** applicable to married individuals filing separately, <u>see</u> sec. 1(d). Joint return rates are generally much more advantageous.

Joint return rates apply only if a married individual files a return jointly with his or her spouse under section 6013. Sec. 1(a)(1), (d). With exceptions not applicable herein, section 6013(a) provides that a husband and wife may file a return jointly even though one of the spouses has neither gross income nor deductions. <u>See</u> sec. 1.6013-1(a), Income Tax Regs. To file jointly, however, both spouses must intend to do so. <u>E.g.</u>, <u>Harrington v. Commissioner</u>, T.C. Memo. 2012-285, at *8.

Petitioner did not file an income tax return for 2010. Necessarily, therefore, he did not file a joint return.

Petitioner contends that he could have filed a joint return for 2010 but chose not to because of his disagreement with Government policies. However, as the U.S. Supreme Court instructs, we give effect to what actually happened and not what might have happened. <u>Don E. Williams Co. v. Commissioner</u>, 429 U.S. 569, 579 (1977) (quoting <u>Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co.</u>, 417 U.S. 134, 148-149 (1974)). In other words, what petitioner *could have* filed or *might have* done is irrelevant. Rather, what is determinative is what petitioner did, or, as in the present case, did not do; namely, he did not file a return. In short, joint

[*8] filing status cannot be imputed. Taxpayers can secure such status only by filing a joint return. Respondent's filing status determination is therefore sustained. See, e.g., O'Boyle v. Commissioner, T.C. Memo. 2010-149, aff'd, 464 Fed. Appx. 4 (D.C. Cir. 2012).

II. Additions to Tax

Respondent prepared an SFR for 2010 that satisfied the requirements of section 6020(b), see Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008), and subsequently determined on the basis of the SFR additions to tax under section 6651(a)(1) for failure to timely file, under section 6651(a)(2) for failure to timely pay tax, and under section 6654(a) for failure to pay estimated tax.

The record demonstrates that the determination of each addition to tax was appropriate, see sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001), either because petitioner was obliged to file an income tax return for 2010, see sec. 6012(a)(1), but failed to do so, or because he paid no tax (other than through withholding), or because he paid no estimated income tax despite having an apparent obligation to do so, see sec. 6654(d)(1).

Petitioner addresses the additions to tax only inferentially by alleging that he would be due a refund *if* joint filing status were now allowed. Perhaps this

**[*9]** allegation is true, but it is irrelevant because it invites us to enter the speculative *might have/could have* realm, which, as previously stated, we may not. See Don E. Williams Co. v. Commissioner, 429 U.S. at 579. Rather, as discussed above, the Court has sustained respondent's determination that petitioner's filing status for 2010 is, by his default, married filing separately. In addition, petitioner's refusal to file a return because of his political beliefs does not constitute reasonable cause for his failure to timely file or his failure to timely pay or otherwise excuse him from liability.[4] See Mueller v. Commissioner, T.C. Memo. 2000-132 (stating that failing to file a return as an "act of 'non-violent civil disobedience'" does not constitute reasonable cause or otherwise mitigate the addition to tax for failure to timely file), aff'd without published opinion, 87 A.F.T.R.2d (RIA) 2001-2052, 2001-1 U.S. Tax. Cas. (CCH) para. 50,391 (7th Cir. 2001); see also Klunder v. Commissioner, T.C. Memo. 1991-489 (citing United States v. Malinowski, 472 F.2d 850 (3d Cir. 1973)) (holding that the taxpayer's failure to file a return because of his political beliefs constitutes a disregard of applicable rules and regulations);

---

[4] The additions to tax under sec. 6651(a)(1) and (2) do not apply if the failure to timely file and the failure to timely pay are due to reasonable cause and not due to willful neglect. Exceptions to the sec. 6654(a) addition to tax are more restrictive. See, e.g., sec. 6654(e)(3)(B). Petitioner does not suggest that any exception under sec. 6654(e) applies or that the addition to tax is otherwise inapplicable.

**[*10]** Babcock v. Commissioner, T.C. Memo. 1986-168 (sustaining additions to tax for failure to file and failure to pay estimated tax where a Quaker taxpayer claimed a religious exemption from Federal income tax); cf. Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983) ("A political belief that the law is wrong or a mistaken belief that a statute is unconstitutional and that one has the right to violate it is not a defense to a criminal prosecution * * * . A fortiori * * * [it is not a defense] * * * in a civil proceeding.") (Citations omitted).

Notwithstanding the foregoing, respondent's concessions, see supra note 1, will serve to reduce the amount of each addition to tax and may possibly provide a basis for an exception, see, e.g., sec. 6654(e)(1) (providing that there shall be no addition under section 6654(a) if the tax for the year, reduced by the taxpayer's withholding, is less than $1,000). Accordingly, the parties shall determine these matters as part of their Rule 155 computations.

III. Section 6673 Penalty

As relevant, section 6673(a)(1) provides that this Court may require a taxpayer to pay a penalty not in excess of $25,000 whenever it appears that the proceedings were instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position is frivolous or groundless.

[*11] A taxpayer's position is frivolous if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)). The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled tax principles; it was designed to deter frivolity and waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68; Grasselli v. Commissioner, T.C. Memo. 1994-581.

The legal duty to file a return exists independent of a taxpayer's personal political, economic, social, or religious convictions. E.g., Mueller v. Commissioner, T.C. Memo. 2000-132; Babcock v. Commissioner, T.C. Memo. 1986-168; cf. United States v. Lee, 455 U.S. 252, 260 (1982) ("[R]eligious belief in conflict with the payment of taxes affords no basis for resisting the tax[.]"). Petitioner was aware of his duty to file a tax return but consciously chose not to honor that duty, a choice that was without legal justification.

Petitioner is no stranger to this Court. In his previous case at docket No. 5676-13S, he advanced the same arguments for refusing to file his 2008 and 2009 returns, namely, to protest Government policies with which he disagrees, that he

**[\*12]** has advanced in the present case for refusing to file his 2010 return.[5] The only difference between the two cases is that he has become more strident in railing against what he regards as the perfidiousness of socialism.

Although we might exercise our discretion and impose a penalty under section 6673(a) on petitioner, we shall not do so in this instance, in part because his prior case was ongoing at the time that he commenced the present one. But now that his arguments have been twice rejected by the Court, surely he should be wary of advancing them yet again in some future case. In short, petitioner is forewarned.

<u>Conclusion</u>

To give effect to our disposition of the foregoing issues, as well as the parties' concessions, <u>see</u> <u>supra</u> note 1,

<u>An order making the Court's</u>

<u>show cause order absolute and decision</u>

<u>will be entered under Rule 155</u>.

---

[5] Those arguments were rejected by the Court in <u>Salzer v. Commissioner</u>, T.C. Summary Opinion 2014-59, filed June 24, 2014.