T.C. Memo. 2015-250

UNITED STATES TAX COURT

CAREN C. HARE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5867-14L.                          Filed December 29, 2015.

Caren C. Hare, pro se.

<u>Inga C. Plucinski-Holbrook</u> and <u>Charles B. Burnett</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of a determination by

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] the Internal Revenue Service (IRS or respondent) to sustain the filing of a notice of Federal tax lien (NFTL). Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain this collection action was proper as a matter of law. We will grant the motion.

## Background

The following facts are based on the parties' pleadings and the affidavits and exhibits attached to the pleadings and respondent's motion. See Rule 121(b). Petitioner resided in Utah when she filed her petition.

The tax liabilities at issue consist solely of penalties imposed under section 6702 for the submission of frivolous tax returns. The section 6702 penalty is an "assessable penalty." Sec. 6703(b). The IRS determined that petitioner had filed a total of 12 frivolous returns (original or amended) for tax years 2002 through 2009. As authorized by section 6702, the IRS assessed a $5,000 penalty for each frivolous return, for a total of $60,000. Petitioner challenges the IRS' collection efforts with respect to these unpaid tax liabilities.

In April 2009 petitioner filed a delinquent (but apparently accurate) return for 2002. The IRS had previously assessed a tax liability for 2002 based on a substitute for return; when it received the return filed in April 2009, it abated the

**[*3]** assessment previously made. Three months later petitioner filed an amended return for 2002 that reflected zero income and zero tax due, claiming a refund for the full amount of tax withheld and prior payments made. In June 2010 petitioner filed a second amended return for 2002, again reflecting zero income and zero tax due. The IRS ruled both of these "zero" returns frivolous and assessed two $5,000 penalties against petitioner under section 6702(a). See Rev. Rul. 2004-34, 2004-1 C.B. 619 (informing taxpayers that "[t]he zero return position has no merit and is frivolous" and warning that filing such returns may subject taxpayers to civil and possibly criminal penalties).

In August 2010 petitioner filed a delinquent return for 2003 that similarly reflected zero income and zero tax due and claimed a refund for the full amount of tax withheld from her paychecks.[2] The IRS ruled this return frivolous and assessed a $5,000 penalty against her under section 6702(a).

In October 2009 petitioner filed delinquent returns for 2004, 2005, and 2006 that again reflected, for each year, zero income and zero tax due and claimed refunds for the full amounts of tax withheld. The IRS ruled these returns frivolous

---

[2]Petitioner's income tax liability for 2003, plus additions to tax and penalties under sections 6651(a)(1) and 6662(a), were adjudicated by a stipulated decision of this Court in Hare v. Commissioner, dkt. No. 13090-12 (Dec. 11, 2013).

[*4] and assessed for each return a $5,000 penalty against her under section 6702(a).

In August 2010 petitioner filed an amended return for 2006 that again reflected zero income and zero tax due and claimed a refund for the full amount of tax withheld. The IRS ruled this return frivolous and assessed a $5,000 penalty against her under section 6702(a).

In October 2009 petitioner filed a delinquent return for 2007 that again reflected zero income and zero tax due and claimed a refund for the full amount of tax withheld. The IRS ruled this return frivolous and assessed a $5,000 penalty against her under section 6702(a).

Petitioner filed a timely (and apparently accurate) return for 2008 and paid the tax due shown on that return. In July 2009 she filed an amended return for 2008 that again reflected zero income and zero tax due and claimed a refund for the full amount of tax withheld and prior payments made. The IRS ruled this return frivolous and assessed a $5,000 penalty against her under section 6702(a).

In response to the assessment of these frivolous return penalties, petitioner in September 2010 sent the IRS a letter and set of documents making various frivolous arguments. She included with this package a second amended return for 2008 that again reflected zero income and zero tax due. The next month, she sent

[*5] the IRS another set of documents making more frivolous arguments. She included with this package a third amended return for 2008 that again reflected zero income and zero tax due. The IRS ruled both amended returns frivolous and assessed two $5,000 penalties against her under section 6702(a).

Petitioner filed a timely return for 2009 that again reflected zero income and zero tax due and claimed a refund for the full amount of tax withheld. The IRS ruled this return frivolous and assessed a $5,000 penalty against her under section 6702(a).

On October 23, 2012, in an effort to collect these outstanding liabilities, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, erroneously listing her 2002-2009 income tax liabilities, rather than the assessed frivolous-submission penalties, as the subject of the hearing. The IRS treated this as a request for a CDP hearing with respect to the frivolous-submission penalties. The case was assigned to a settlement officer (SO) from the IRS Appeals Office in Las Vegas.

On December 5, 2013, the SO wrote petitioner to schedule a telephone CDP hearing for January 7, 2014. The SO notified petitioner that the documents and arguments she had previously submitted to the IRS were frivolous and that she

**[\*6]** would not be permitted to raise further frivolous arguments during the hearing.  Prior to the scheduled CDP hearing, petitioner corresponded with the SO by telephone and in writing, submitting a set of documents that the SO determined to raise solely frivolous arguments.  On January 7, 2014, petitioner and the SO participated in the scheduled CDP hearing, during the course of which petitioner raised solely frivolous arguments.

At this point, the SO reviewed the administrative file and confirmed that the 12 frivolous-submission penalties had been properly assessed and that all requirements of applicable law and administrative procedure had been met.  The SO determined that petitioner had not properly raised at the CDP hearing her underlying liabilities for these penalties because she had advanced solely frivolous arguments.  The SO accordingly closed the case and, on February 7, 2014, sent petitioner a notice of determination sustaining the NFTL filing.

Petitioner filed a timely petition for review in this Court.  As her explanation of her disagreement with the IRS determination and of the facts on which she relied, she referred to an attached 18-page document captioned "Request to Take Judicial Notice Pursuant to FRE 201."  This document, which appears to have been drawn from the Internet, consists of familiar tax-protester arguments cast in boilerplate legalese.  The document had blank spaces for insertion of the tax-

[*7] payer's name and tax years involved; petitioner inserted by hand in those spaces her name and tax years 2002-2009.  This document bears no relationship to the facts of this case and sets forth no allegations of error on the part of the IRS.

This case was calendared for trial at the Court's trial session in Salt Lake City on June 1, 2015.  On February 12, 2015, respondent moved for summary judgment.  By order dated February 24, 2015, we ordered petitioner to respond to the IRS motion by March 23, 2015.  Our order informed petitioner that, "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment."

Petitioner did not respond to this Court's order.  On March 31, 2015, we struck the case from the Salt Lake City trial session in order to give consideration to respondent's motion for summary judgment.  On May 18, 2015, the Court received a letter from petitioner in which she stated:

> At this time I request extension on my court date of June 1, 2015.  I have never received the information that they say I have received for my defense.  I ask that you resubmit information that they say has been sent to me because I have not received.  They said they sent information and had to be received back by March 23, 2015????  Last I knew court date was on the 14th.  I ask for at least six month extension so I can decide what to do.

This letter does not constitute a good-faith response to the IRS motion for summary judgment.

**[\*8]**                                          <u>Discussion</u>

Rule 123(b) provides that "[f]or failure of a petitioner * * * to comply with these Rules or any order of the Court * * * , the Court may dismiss a case at any time and enter a decision against the petitioner."  Rule 121, governing summary judgment, provides that "[w]hen a motion for summary judgment is made and supported * * * , an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d).  "If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party."  <u>Ibid.</u>

Petitioner did not comply with this Court's order dated February 24, 2015.  She did not reply to the IRS motion for summary judgment, and she has not complied with this Court's Rules.  All the contentions she has advanced are frivolous.  We accordingly deem it appropriate to grant respondent's motion for summary judgment and enter a decision against petitioner under Rule 121(d).  See <u>FPL Grp., Inc. v. Commissioner</u>, 115 T.C. 554, 560 (2000); <u>Schlussel v. Commissioner</u>, T.C. Memo. 2013-185; <u>Richards v. Commissioner</u>, T.C. Memo. 2013-171.

Section 6673(a)(1) authorizes the imposition of a monetary penalty in an amount up to $25,000 whenever it appears to this Court that a taxpayer has insti-

**[*9]** tuted or maintained Tax Court proceedings primarily for delay or has taken a position that is "frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Salzer v. Commissioner, T.C. Memo. 2014-188.

Petitioner's initial filing in this case consisted of a boilerplate amalgam of well-trodden tax-protester arguments with no relevance to the actual facts of this case. Her only other communication with this Court was an untimely and incomprehensible letter demanding a continuance. It seems clear to us that petitioner has instituted this proceeding solely for the purpose of delaying the collection of her Federal tax liabilities, and we would be justified in imposing a section 6673 penalty for that reason. However, because petitioner litigated a previous case in this Court without apparent incident, we instead offer a warning. Petitioner is admonished to refrain from advancing frivolous arguments in any future filings she may make in this Court, because the Court is unlikely to show leniency next time. Failure to heed this warning may lead to the imposition of a substantial monetary penalty under section 6673(a)(1).

**[\*10]** To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.