# United States Tax Court

T.C. Memo. 2022-59

ARLIN GEORGE HATFIELD, III AND JENNIFER MARIE WILLIS
HATFIELD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

ARLIN GEORGE HATFIELD, III AND JENNIFER HATFIELD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket Nos. 7327-20, 1500-21.                    Filed June 13, 2022.

————

Arlin George Hatfield III and Jennifer Marie Willis Hatfield, pro sese.

*John K. Parchman* and *Ardney J. Boland*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*:  With respect to petitioners' Federal income tax for 2013 and 2014, the Internal Revenue Service (IRS or respondent) determined deficiencies, a late-filing addition to tax, and accuracy-related penalties as follows:[1]

———

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| [*2] Year | Tax | Late-Filing Addition to Tax § 6651(a)(1) | Accuracy-Related Penalty § 6662 |
|---|---|---|---|
| 2013 | $64,207 | — | $13,224 |
| 2014 | 131,165 | $27,677.50 | 26,233 |

Respondent has filed a Motion for Summary Judgment in docket No. 7327-20, with respect to tax year 2013, and a Motion for Partial Summary Judgment in docket No. 1500-21, with respect to tax year 2014. The latter Motion is "partial" only in the sense that it does not address the accuracy-related penalty, which respondent has conceded for 2014. Concluding that petitioners are liable for tax as a matter of law on their unreported wage income, and finding no genuine dispute of material fact on any issue, we will grant both Motions.

*Background*

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. *See* Rule 121(b). Petitioners resided in Mississippi when they filed their Petitions.

During 2013 and 2014 petitioner husband was employed as a radiologist for Radiological Group, P.A. Petitioners received an extension of time until October 15, 2014, to file their 2013 tax return. They did not file their joint return for 2013 until April 15, 2017. On that return they did not report any wages from petitioner husband's job. They reported a total tax liability of $1,463, computed on their investment income.

The IRS examined petitioners' 2013 return and determined that they had failed to report $412,557 of wages earned by petitioner husband for his work for Radiological Group, P.A. His employer reported this income to him on Form W–2, Wage and Tax Statement. The IRS also determined that petitioners were liable for an additional tax of $1,350, under section 72(t), for an early withdrawal from an individual retirement account (IRA) with Scottrade, Inc., and an accuracy-related penalty under section 6662(d). On January 28, 2020, the IRS issued petitioners a timely notice of deficiency for 2013 determining a

**[\*3]** deficiency of $64,207 and an accuracy-related penalty of $13,224. The IRS did not determine a late-filing addition to tax for 2013.[2]

Petitioners' joint return for 2014 was due April 15, 2015, but they did not file that return until April 20, 2018.  On that return they again failed to report any wages from petitioner husband's job.  They reported a total tax liability of $27,775, computed on their investment income.

The IRS examined petitioners' 2014 return and determined that they had failed to report $332,745 of wages earned by petitioner husband from his employment as a radiologist.  As for 2013, his employer had issued him a Form W–2 reporting this income.  The IRS also determined that petitioners had failed to report $72 of taxable interest; that they were liable for an additional tax of $27,030 for an early withdrawal from their IRA; that they were liable for a late-filing addition to tax under section 6651(a)(1); and that they were liable for an accuracy-related penalty.  On October 6, 2020, the IRS issued petitioners a timely notice of deficiency for 2014, determining a deficiency of $131,165, a late-filing addition to tax of $27,677.50, and an accuracy-related penalty of $26,233.[3]

Petitioners timely petitioned this Court for redetermination of the deficiencies and penalties.  The Petitions and their attachments are quite similar.  Petitioners do not dispute that petitioner husband received compensation of $412,557 and $332,745, during 2013 and 2014, respectively, from his employment as a radiologist.  The sole argument advanced in the Petitions is that wages earned in the United States by a U.S. citizen do not constitute taxable income:

> While it is true that the federal Courts . . . have held that "wages" are taxable to the U.S. government, it is NOT true that the provisions of the statutes of the United States

---

[2] The inclusion of $412,557 of wages in petitioners' 2013 gross income caused several (essentially automatic) computational adjustments: Their allowable itemized deductions were reduced by $7,969; their allowable personal exemptions were reduced by $7,410; their student loan interest deduction was reduced by $293; and they became liable for $17,029 of alternative minimum tax and $1,463 of additional Medicare tax.

[3] The inclusion of $332,745 of wages in petitioners' 2014 gross income again entailed computational adjustments: Their allowable itemized deductions were reduced by $15,062; their allowable personal exemptions were reduced by $19,750; their student loan interest deduction was reduced by $2,500; their additional child tax credit was reduced by $2,000; and they became liable for $3,339 of alternative minimum tax, $745 of additional Medicare tax, and $8,902 of tax on net investment income.

4

**[\*4]**   Code actually make the "wages" of American citizens subject to the Subtitle A federal personal income tax.

Respondent filed the Motion for Summary Judgment for 2013, to which petitioners responded. Respondent filed the Motion for Partial Summary Judgment for 2014, conceding the accuracy-related penalty for that year. Petitioners did not respond to the latter Motion, despite our warning that failure to do so could result in entry of a judgment against them. *See* Rule 121(d). We will nonetheless consider both Motions on the merits. On May 10, 2022, we consolidated the cases for purposes of rendering this Memorandum Opinion.

## *Discussion*

### A.   *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioners assert that disputes of fact exist, but with one exception the disputes they identify are purely legal. The only factual disagreement appears to be whether respondent contacted petitioners in advance to advise that he was filing a Motion for Summary Judgment in docket No. 7327-20. Resolution of that dispute is immaterial to our analysis. We find that summary judgment is appropriate in both cases.

### B.   *Petitioners' Concessions*

In their Petitions the only error that petitioners assigned to the notices of deficiency is that the IRS erroneously included in their gross income the wages that petitioner husband earned from his employment as a radiologist. Respondent contends that petitioners have conceded all other adjustments to income set forth in the notices of deficiency. Petitioners did not dispute that proposition in their response to the Motion for 2013, and they failed to respond to the Motion for 2014. Under Rule 34(b)(4) of this Court's Rules, "[a]ny issue not raised in the [petition's] assignments of error shall be deemed to be conceded." We agree with respondent that petitioners have conceded all issues except the unreported wage income and resulting addition to tax and penalty.

[*5] C.     *Gross Income*

Section 61(a) provides that "gross income means all income from whatever source derived," including "[c]ompensation for services." § 61(a)(1). In cases of unreported income, the U.S. Court of Appeals for the Fifth Circuit, to which an appeal in these cases would ordinary lie, *see* § 7482(b)(1), has held that the Commissioner must first establish some factual foundation linking the taxpayer to the income-producing activity, *see Portillo v. Commissioner*, 932 F.2d 1128, 1133 (5th Cir. 1991), *aff'g in part, rev'g in part, and remanding* T.C. Memo. 1990-68. Radiological Group, P.A., issued petitioner husband Forms W–2 reporting that it had paid him wages of $412,557 and $332,745 for 2013 and 2014, respectively. Petitioners do not dispute that petitioner husband provided services as a radiologist to Radiological Group, P.A., during those years. And they have not asserted "a reasonable dispute" regarding the accuracy of the information reported on the Forms W–2. *See* § 6201(d).

The Forms W–2, coupled with petitioners' admission that petitioner husband received payments from his employer, are sufficient to satisfy respondent's threshold burden. The burden thus shifts to petitioners to establish, by a preponderance of the evidence, that respondent's determinations of unreported income are arbitrary or erroneous. *See Hernandez v. Commissioner*, 813 F. App'x 964, 965 (5th Cir. 2020) (per curiam), *aff'g* T.C. Memo. 2018-163. They have wholly failed to discharge that burden. They have supplied no evidence whatever to show error in respondent's determinations, and we conclude that those determinations are correct as a matter of law.

In disputing their receipt of gross income, petitioners have submitted more than 450 pages of material posing as legal argument, mostly gibberish downloaded from tax-protester websites. The Court was able to locate verbatim filings, all available for purchase online, that other tax protesters have used in other cases. At no point in these 450 pages do petitioners make any meaningful reference to the facts of these cases. In particular, they make no effort to show that the wages petitioner husband received from Radiological Group, P.A., during 2013 and 2014 were less than $412,557 and $332,745, respectively, as reported on the Forms W–2 that the firm issued to him.

Petitioners' central argument, ramified in various ways, is that wages received by U.S. citizens from employment in the United States are not subject to Federal income tax. This is a time-worn tax-protester

**[\*6]** argument, and it has never been accepted by any court. Variations of this argument are contained in The Truth About Frivolous Tax Arguments, a compendium of frivolous positions and the case law refuting them that the IRS publishes and occasionally updates. *See* Internal Revenue Serv., The Truth About Frivolous Tax Arguments 9, 13 (2022), https://www.irs.gov/pub/irs-utl/2022-the-truth-about-frivolous-tax-arguments.pdf (characterizing as frivolous the arguments that "[w]ages . . . are not income" and that "[o]nly foreign-source income is taxable"); *see also* Rev. Rul. 2006-18, 2006-1 C.B. 743, 743 (emphasizing that "[a]ll wages are included in gross income for purposes of determining federal income tax liability" and any argument to the contrary "has no merit and is frivolous").

Petitioners have other complaints about the U.S. tax system, most with tenuous connection to the issues in these cases and all of them frivolous. These arguments have been rejected by the courts in hundreds of cases, and we will not dignify petitioners' position with further response. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent . . . ."); *see also Wnuck v. Commissioner*, 136 T.C. 498, 501–13 (2011) (explaining why courts appropriately "give short shrift to frivolous arguments"). Petitioners have not met their burden of proving that the IRS acted erroneously or arbitrarily by including wages of $412,557 and $332,745 in their gross income for 2013 and 2014, respectively. We thus sustain the adjustments to income determined in the notices of deficiency.

D. *Accuracy-Related Penalties*

The Code imposes a 20% penalty upon the portion of any underpayment of income tax that is attributable (among other things) to any "substantial understatement of income tax." § 6662(a), (b)(2). Section 6662(d)(2) generally defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. *See* § 6662(d)(1)(A). For 2013 petitioners reported on their return tax of $1,463, but their correct tax was $64,207. There was thus a substantial understatement of income tax.

Under section 7491(c), the Commissioner bears the burden of production with respect to the liability of an individual for any penalty. *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Respondent has

**[\*7]** carried that burden here by showing that petitioners for 2013 failed to report wages of $412,557, as reported to petitioner husband on the Form W–2 issued to him. As noted above, the understatement of income tax attributable to that failure was "substantial."

Respondent must also show compliance with the procedural requirements of section 6751(b)(1). *See* § 7491(c); *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of the assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination." Respondent has supplied a civil penalty approval form showing that supervisory approval for the 2013 accuracy-related penalty was obtained on April 12, 2019. Respondent's initial communication to petitioners that the penalty would be imposed was a letter dated the same day. Thus, supervisory approval was timely secured, and the requirements of section 6751(b)(1) have been met for 2013. *See Frost v. Commissioner*, 154 T.C. 23, 35 (2020).

No penalty is imposed under section 6662 with respect to any portion of an underpayment "if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to [it]." § 6664(c)(1). Petitioner husband received a Form W–2 informing him of the wages that were required to be reported on the 2013 tax return, and petitioners deliberately refused to report those wages, relying on frivolous arguments. They have shown neither reasonable cause nor good faith with respect to any portion of the underpayment. We will therefore sustain the accuracy-related penalty for 2013.[4]

E.  *Late-Filing Addition to Tax*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file the return, not to exceed 25% in toto. Respondent determined an addition to tax under this provision for 2014. Petitioners' 2014 joint return was due April 15, 2015, but it was not filed until April 20, 2018. Respondent has thus met his burden of production to show that the return was not timely filed. *See* § 7491(c).

---

[4] Respondent acknowledges that he cannot meet his burden to show timely supervisory approval of the accuracy-related penalty for 2014, and he has therefore conceded the penalty for that year.

**[\*8]**    Additions to tax under section 6651(a)(1) are not subject to any supervisory approval requirement.  *See* § 6751(b)(2)(A).  Petitioners have offered no explanation for their late filing, other than their embrace of frivolous arguments.  Because they have not shown that their failure to timely file their 2014 return was "due to reasonable cause and not due to willful neglect," § 6651(a)(1), we will sustain the addition to tax for 2014.

F.    *Frivolous Position Penalty*

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, "[w]henever it appears to the Tax Court that—(A) proceedings before it have been instituted or maintained . . . primarily for delay, [or] (B) the taxpayer's position in such proceeding is frivolous or groundless."  The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial and IRS resources.  *Coleman v. Commissioner*, 791 F.2d 68, 71–72 (7th Cir. 1986); *Salzer v. Commissioner*, T.C. Memo. 2014-188, 108 T.C.M. (CCH) 284, 287.  "Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants . . . ." *Kernan v. Commissioner*, T.C. Memo. 2014-228, 108 T.C.M. (CCH) 503, 512, *aff'd*, 670 F. App'x 944 (9th Cir. 2016).

Petitioner husband is a well-educated medical professional.  Although he (like most people) would prefer not to pay income tax, it is obvious that the U.S. Government is funded principally by taxes levied on wages, salaries, and other forms of compensation.  If these taxes were really unconstitutional, one might have expected some court to have perceived this deficiency during the last 100 years.  Lacking any judicial support for their position, petitioners cut and pasted reams of legal gibberish from tax-protester websites.  The most casual internet search would have led them to online sources establishing the frivolous nature of these arguments.  *See Wnuck*, 136 T.C. at 504 ("Anyone with the inclination to do legal research . . . will confront such authorities.").

Petitioners' position in these cases is unquestionably "frivolous or groundless," and it is clear that they instituted and maintained these cases "primarily for delay." § 6673(a)(1).  Given the magnitude of petitioners' unreported income and the inane character of their arguments, we would be justified in imposing a very substantial penalty.  However, because petitioners refrained from advancing frivolous arguments after we warned them that they risked a section 6673 penalty, we will not

9

[*9] impose one.  Petitioners have a third case pending in our Court, at docket No. 6235-22.  They are warned that they should expect no leniency if they continue to advance frivolous arguments in that (or any future) case before this Court.

To reflect the foregoing,

*Decision will be entered for respondent in Docket No. 7327-20.*

*Decision will be entered for respondent as to the deficiency and late-filing addition to tax under section 6651(a)(1) and for petitioners as to the accuracy-related penalty under section 6662(a) in Docket No. 1500-21.*