# United States Tax Court

T.C. Summary Opinion 2024-12

GREGORY ALEXANDER MORINO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 33689-21S.                                Filed July 2, 2024.

————————

Gregory Alexander Morino, pro se.

*James P.A. Caligure*, *Noelle T. Geiger*, *Michael D. Kohanim*, and *Brian E. Peterson*, for respondent.

## SUMMARY OPINION

LANDY, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated October 7, 2021, the Internal Revenue Service (IRS) determined deficiencies in Mr. Morino's federal income tax of $7,632 and $4,244 for 2018 and 2019 (years in issue), respectively. The IRS also determined an addition to tax, pursuant to section 6651(a)(1), of $933 for 2018, and accuracy-related penalties,

————————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

pursuant to section 6662(a), of $1,382 and $849 for the years in issue, respectively.

The issues for decision are whether Mr. Morino (1) received and failed to report wages of $9,993 and a state tax refund of $354 for 2018; (2) is entitled to deduct commissions and fees expenses of $6,000 and $5,500, respectively, for the years in issue as reported on Schedules C, Profit or Loss From Business; (3) is entitled to deduct car and truck expenses of $26,978 and $32,190, respectively, for the years in issue as reported on Schedules C; (4) is entitled to deduct other expenses of $8,920 and $5,820, respectively, for the years in issue as reported on Schedules C; (5) is liable for an addition to tax, pursuant to section 6651(a)(1), for 2018; and (6) is liable for accuracy-related penalties, pursuant to section 6662(a), for the years in issue.

All remaining proposed adjustments are computational. We resolve each of these questions in the Commissioner's favor.

*Background*

While a stipulation of facts was not agreed to, the Commissioner offered six proposed Exhibits to which Mr. Morino did not object. We find the facts contained herein from the notice of deficiency, issued October 7, 2021; Mr. Morino's Forms 1040, U.S. Individual Income Tax Return, for the years in issue; an uncertified account transcript and wage and income transcript for 2018; the Commissioner's civil penalty lead sheet and civil penalty approval form for the years in issue; and the testimony of Mr. Morino. Mr. Morino resided in New Jersey when the Petition was timely filed.

During 2018 Mr. Morino was employed as a "W-2 wage earner" at Marcus L. Ward Home, Inc. (Ward), and Am Law Corp. (Am Law). Ward issued Mr. Morino Form W–2, Wage and Tax Statement, reporting that it paid him wages of $9,994 during 2018. Also, the State of New Jersey issued to Mr. Morino Form 1099–G, Certain Government Payments, reporting that the state paid him during 2018 a $354 refund of state income tax. In addition to being a wage earner whose earnings were reported on Form W–2, Mr. Morino operated an unincorporated business called Total Life Transformation (TLT). Mr. Morino filed his 2018 Form 1040 on April 17, 2020. On that return Mr. Morino reported wages paid by Am Law totaling $7,917; unemployment compensation of $17,706; a business loss of $19,129 from TLT, which he detailed on two

Schedules C attached to his 2018 Form 1040; and a student loan interest deduction of $2,500.

On the first 2018 Schedule C Mr. Morino reported gross income of $22,249 based on three Forms 1099–MISC, Miscellaneous Income, received from Pinnacle Insurance Solutions, LLC, Bell Processing Solutions, Inc. (Bell), and JJ&AA Enterprise, LLC. Mr. Morino reported total expenses, deducted as a management fee paid to himself, of $22,249. On the second 2018 Schedule C for TLT Mr. Morino reported gross income of $41,499, which included the previously deducted management fee, and total expenses of $60,628. The deducted expenses consisted of, inter alia, $26,978 in car and truck expenses, $6,000 in commissions and fees, and $15,050 in other expenses. The other expenses are itemized as follows:

| Description | Amount | Description | Amount |
| --- | --- | --- | --- |
| Bank fees | $1,600 | Internet | $1,200 |
| Marketing expenses | 7,450 | Telephone | 1,800 |
| Charitable contributions | 1,500 | Other fees paid | 1,500 |

During 2019 Mr. Morino continued to operate TLT. He timely filed his 2019 Form 1040. On that return he reported a business loss of $19,297 from TLT, which he again detailed on two Schedules C attached to his 2019 Form 1040.

On the first 2019 Schedule C Mr. Morino reported gross income of $26,163 received from Bell and reported total expenses, consisting again of a management fee paid to himself, of $26,163. On the second 2019 Schedule C for TLT he reported gross income of $48,543, which included the deducted management fee, and total expenses of $67,840. The deducted expenses consisted of, inter alia, $32,190 in car and truck expenses, $5,500 in commissions and fees, and $11,100 in other expenses. The other expenses consisted of the following:

| Description | Amount | Description | Amount |
|---|---|---|---|
| Bank fees | $1,900 | Internet | $1,200 |
| Marketing expenses | 4,450 | Telephone | 1,800 |
| Charitable contributions | 1,000 | Other fees paid | 750 |

After examination, the IRS determined that Mr. Morino had failed to (1) report all income received for 2018 and (2) substantiate most of the deducted business expenses for the years in issue. The IRS issued a notice of deficiency determining the receipt of the unreported income and disallowing the unsubstantiated deductions for commissions and fees, car and truck expenses, and other expenses for the years in issue.

A trial was held on February 5, 2024, in New York City, New York. At trial Mr. Morino did not present any evidence supporting his position that he (1) did not receive the unreported income for 2018 or (2) properly deducted the business expenses reported on the Forms 1040 for the years in issue. Mr. Morino offered testimony regarding only frivolous and groundless issues.

*Discussion*

I. *Burden of Proof*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Mr. Morino did not assert, and the evidence does not establish, that the burden of proof should shift to the Commissioner. *See* § 7491(a).

II. *Unreported Income*

Gross income means "all income from whatever source derived." § 61(a); *see also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–31 (1955). The definition of gross income includes gross income derived from business. § 61(a)(2).

> Generally, under section 111 and the regulations thereunder, if State income tax was deducted on a prior year's Federal income tax return and resulted in a

> reduction of Federal income tax and a tax benefit to the taxpayer, the taxpayer's subsequent recovery of the State income tax must be included in gross income for the year in which the recovery is received.

*Cutting v. Commissioner*, T.C. Memo. 2020-158, at *22 (citing *Kay v. Commissioner*, T.C. Memo. 2011-159), *aff'd*, No. 21-70235, 2021 U.S. App. LEXIS 37928 (9th Cir. Dec. 22, 2021).

In cases of unreported income, "the Commissioner must establish a 'minimal evidentiary showing' connecting the taxpayer with the alleged income-producing activity," *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019) (quoting *Blohm v. Commissioner*, 994 F.2d 1542, 1548–49 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636), "or demonstrate that the taxpayer actually received unreported income," *id.* (citing *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir. 1982)). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Id.* at 67–68 (first citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935); and then citing *Tokarski v. Commissioner*, 87 T.C. 74 (1986)). The IRS may rely on a third-party income report if the taxpayer does not raise a reasonable dispute about its accuracy. *See* § 6201(d).

The Commissioner met his threshold burden here. Mr. Morino's wage and income transcript states that he received wages of $9,994 from Ward as shown on the 2018 Form W–2 and a tax refund of $354 received from the State of New Jersey Department of the Treasury in 2018. Mr. Morino did not dispute the accuracy of the transcript or his receipt of this income. Mr. Morino neither alleged nor proved that he did not receive a tax benefit from the prior year deduction of the $354 state tax refund. *See Brobst v. Commissioner*, T.C. Memo. 1988-456. We find that the wage and income transcript establishes a sufficient evidentiary basis to connect Mr. Morino with the unreported income. We therefore sustain the Commissioner's determination of unreported income, as set forth in the notice of deficiency for tax year 2018.

III.    *Claimed Business Deductions on Schedules C*

Deductions are a matter of legislative grace. *See INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). A taxpayer bears the burden of proving that he is entitled to any deduction claimed. *See id.* Section 162(a) permits a taxpayer to deduct all ordinary and necessary expenses

paid or incurred during the taxable year in carrying on a trade or business. A taxpayer must substantiate deductions claimed by keeping and producing adequate records to enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; Treas. Reg. § 1.6001-1(a); *see Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Roberts v. Commissioner*, 62 T.C. 834, 836 (1974).

If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the Court may estimate the allowable amount (*Cohan* rule). *See Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). The taxpayer must present sufficient evidence to permit the Court to make an estimate. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). Section 274(d) overrides the *Cohan* rule for certain expenses. *See Sanford v. Commissioner*, 50 T.C. 823, 827–28 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Treas. Reg. § 1.274-5(c)(2)(iii); Temp. Treas. Reg. § 1.274-5T(a). Under section 274(d), a taxpayer must meet stricter substantiation requirements to deduct certain expenses under section 162, including expenses with respect to the business use of any listed property (such as a passenger automobile). *See* §§ 274(d)(1), (3), 280F(d)(4)(A).

The Commissioner disallowed the disputed deductions for commissions and fees, car and truck expenses, and other expenses for the years in issue for lack of substantiation. At trial Mr. Morino failed to provide any testimony or other evidence to substantiate the claimed deductions. We conclude that Mr. Morino is not entitled to deduct the business expenses reported for the years in issue.

IV.     *Addition to Tax Pursuant to Section 6651(a)(1)*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month (or fraction thereof) for which there is a failure to file a timely return, not to exceed 25% in the aggregate, unless it is shown that such failure was due to reasonable cause and not due to willful neglect. *See United States v. Boyle*, 469 U.S. 241, 245 (1985); *see also* Treas. Reg. § 301.6651-1(a)(1). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." *Boyle*, 469 U.S. at 245. A failure to file a federal income tax return timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control. *See id.* at 243; Treas. Reg. § 301.6651-1(c)(1).

Mr. Morino requested an extension of time to file his 2018 Form 1040, until October 15, 2019, as permitted by section 6081(a). However, Mr. Morino filed his 2018 Form 1040 on April 17, 2020. There is no evidence in the record, and Mr. Morino failed to argue, that reasonable cause existed for his failure to timely file his 2018 Form 1040. Accordingly, we sustain the addition to tax, pursuant to section 6651(a)(1), as determined by the Commissioner for 2018.

V.    *Accuracy-Related Penalty Pursuant to Section 6662(a)*

The Commissioner determined a 20% accuracy-related penalty against Mr. Morino for an underpayment of tax required to be shown on a return attributable to negligence or disregard of rules or regulations. *See* § 6662(a) and (b)(1). An underpayment is defined as the difference between the tax imposed on the taxpayer and the tax reported on the tax return. § 6664(a). Negligence "includes any failure to make a reasonable attempt to comply with the provisions of [the Code]," § 6662(c), including "any failure by the taxpayer to keep adequate books and records or to substantiate items properly," Treas. Reg. § 1.6662-3(b). Disregard includes "any careless, reckless, or intentional disregard." § 6662(c).

To assert the accuracy-related penalty regarding a deficiency, section 7491(c) places the burden of production on the Commissioner to demonstrate sufficient evidence to support the penalty. *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). As part of his burden of production, the Commissioner must show that he has complied with the requirements of section 6751(b)(1). *See Graev v. Commissioner*, 149 T.C. 485, 492–93 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." "[O]nce the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect." *Higbee*, 116 T.C. at 447.

The Commissioner has met his initial burden of production. The record shows that, as to each year in issue, Mr. Morino was "negligent" and "disregarded rules and regulations." The record also shows that the immediate supervisor of the IRS employee who made the "initial determination" to impose the section 6662(a) penalties in dispute for the

years in issue approved the penalties in compliance with section 6751(b)(1). Section 6664(c)(1) provides an exception to the accuracy-related penalty "if it is shown that there was a reasonable cause for such portion [of an underpayment of tax] and that the taxpayer acted in good faith with respect to such portion." The determination as to whether "a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis," considering all pertinent facts and circumstances. Treas. Reg. § 1.6664-4(b)(1). Mr. Morino did not offer a reasonable cause defense to the imposition of the accuracy-related penalties. Accordingly, we hold Mr. Morino liable for the accuracy-related penalties for the years in issue under section 6662(a) and (b)(1).

VI.     *Penalty for Maintaining a Frivolous Position*

Section 6673(a)(1) authorizes this Court to impose on a taxpayer a penalty payable to the United States of not more than $25,000 whenever it appears that "(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies." This statutory provision serves to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. *Salzer v. Commissioner*, T.C. Memo. 2014-188, at \*11 (first citing *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir. 1986); and then citing *Grasselli v. Commissioner*, T.C. Memo. 1994-581).

Since Mr. Morino failed to file a pretrial memorandum as required by the Standing Pretrial Order for Small Tax Cases, we held a telephone conference with the parties on January 24, 2024. During this call Mr. Morino articulated many statements which were frivolous and groundless. By Order served January 24, 2024, we directed Mr. Morino's attention to section 6673(a) and warned him that we would consider imposing a penalty if he continued to advance such arguments.

After Mr. Morino began his direct testimony, we briefly interrupted him to warn him that we might impose a penalty if he continued to make frivolous or groundless statements. After the reminder, Mr. Morino continued with such statements. Since this is Mr. Morino's first time proceeding before this Court, we will not impose a penalty now. Mr. Morino is admonished that we will consider imposing a penalty under section 6673 if he files a petition commencing another case asserting tax protester rhetoric.

VII.  *Conclusion*

We have considered all the arguments that the parties have made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*